[L. A. No. 5997. In Bank.—January 7, 1919.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

COMPENSATION INSURANCE — BREACH OF WARRANTY — EMPLOYMENT OF MINOR—LIABILITY OF INSURER—POLICY.—Under a workmen's compensation insurance policy providing that no person is or will be employed by the assured in violation of the law as to age, and further providing that no default on the part of the assured with respect to any of the conditions of the policy shall in any way affect the right of an employee to recover from the insurer the compensation provided for by law and intended to be insured under the policy, the insurer, and not the insured, is liable to a minor for injuries received by him in the course of his employment while employed contrary to law.

APPLICATION for a Writ of Certiorari to review an order and award of the Industrial Accident Commission. Denied.

The workmen's compensation policy involved herein contained a warranty provision, designated "Item 14," that "No person is or will be employed by the assured in violation of law as to age," and also a provision entitled "Condition M," that "The assured, by the acceptance of this policy, declares the statements in items numbered 1 to 17, inclusive, in said declaration to be true, except such as are declared to be matters of estimate only; and this policy is issued in consideration thereof and the provisions of the policy as respects its premium and the payment of such premium; provided, however, that nothing in this condition and no default on the part of the assured with respect to any of the provisions or conditions of this policy, shall in any way affect the right of any employee, or his dependents, to recover from the company the compensation provided for by law and intended to be insured hereunder."

Upon the application of a minor, who had been employed contrary to law as to age, for compensation, for injuries received in the course of his employment, the commission held "That, by virtue of the provisions of said condition 'M,' said policy of insurance covered the injury," and that the employer was therefore entitled to be relieved from liability for said injury and to be dismissed from the proceeding.

Robert P. Jennings for Petitioner.

Chris. M. Bradley for Respondents.

THE COURT.—We are of the opinion that the Industrial Accident Commission correctly construed the policy in this matter and that its decision is correct.

The application is denied.

Angellotti, C. J., Sloss, J., Melvin, J., Lawlor, J., and Lennon, J., concurred.